IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ADRIAN MOSLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case 4:16-cv-00863-AGF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Adrian Mosley's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague.[1] The government opposes Petitioner's motion and argues that *Johnson* does not affect Petitioner's sentence because Petitioner's prior convictions do not fall under the ACCA's residual clause. The Court agrees and will therefore deny Petitioner's motion.

---

[1] The ACCA imposes an increased prison term upon a criminal defendant convicted of being a felon in possession of a firearm, if that defendant has had three or more previous convictions for a "violent felony," a term defined to include any felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). This catch-all part of the definition of a violent felony has come to be known as the ACCA's "residual clause."

**BACKGROUND**

On February 10, 2011, Petitioner pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). After the plea, the United States Probation Office issued a presentence investigation report ("PSR"), which stated that Petitioner had the following prior federal convictions for offenses qualifying as violent felonies under the ACCA: (1) one count of attempted bank robbery in violation of 18 U.S.C. § 2113(d), which took place on August 12, 1996, (2) one count of use of a firearm during a crime of violence (the attempted bank robbery described above) in violation of 18 U.S.C. §924(c)(1), and (3) two counts of bank robbery in violation of 18 U.S.C. § 2113(d), which took place on July 1, 1996, and February 10, 1996, respectively.[2] The Court adopted the PSR and, on June 27, 2011, sentenced Petitioner as an armed career criminal to 108 months in prison, to run concurrently with the balance of the sentence Petitioner was serving on his bank robbery convictions, and a three-year term of supervised release.

Petitioner now moves to vacate, set aside, or correct his sentence, arguing that, in light of *Johnson*, his prior federal convictions for bank robbery no longer qualify as violent felonies under the ACCA. The government responds that Petitioner's bank robbery convictions were classified as violent felonies under a different clause of the

---

[2] The PSR also stated that Petitioner had a prior Missouri conviction for delivery of a controlled substance, but the PSR did not count this conviction as a predicate offense for ACCA purposes. The government concedes that this position was correct because the imposition of sentence for the Missouri conviction was suspended.

ACCA—known as the "elements clause"—unaffected by *Johnson*, and Petitioner was therefore properly sentenced.

## DISCUSSION

In order to prevail on a § 2255 motion involving an ACCA conviction, "the movant carries the burden of showing that the Government did not prove by a preponderance of the evidence that his conviction fell under the ACCA." *Givens v. United States*, No. 4:16-CV-1143 CAS, 2016 WL 7242162, at *2 (E.D. Mo. Dec. 15, 2016) (citations omitted).

As noted above, the ACCA increases the prison term for a person convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), to a minimum of 15 years in prison if the person has had three or more previous convictions for a "violent felony." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i)     has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)    is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

18 U.S.C. § 924(e)(2)(B) (emphasis added).

The italicized language is the "residual clause" invalidated by *Johnson*, in a rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). But the remaining clauses, including subsection (i) (the "elements

3

clause") and the first part of subsection (ii) (the "enumerated offenses clause") are still effective. *Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony.").

The Court agrees with the government that because Petitioner's prior federal convictions for bank robbery are violent felonies under the elements clause of the ACCA, *Johnson* does not apply, and Petitioner is not entitled to relief. The elements of bank robbery under 18 U.S.C. § 2113 are that "1) the defendant took, or attempted to take, money belonging to, or in the custody, care, or possession of, a bank, credit union, or saving and loan association; (2) the money was taken 'by force and violence, or by intimidation'; [and] (3) the deposits of the institution were federally insured." *United States v. McNeal*, 818 F.3d 141, 152 (4th Cir. 2016) (citing 18 U.S.C. § 2113(a)). Armed bank robbery under § 2113(d) adds a fourth element, that "in committing, or in attempting to commit the offense, the defendant assaulted any person, or put in jeopardy the life of any person, by the use of a dangerous weapon or device." *Id.* (citing 18 U.S.C. § 2113(d)).

Petitioner's argument focuses on the second element. Petitioner contends that because the federal crime of bank robbery can be accomplished by "intimidation," the crime does not require the "use, attempted use, or threatened use of physical force." But "[s]ince *Johnson*, a number of courts have rejected [this argument], and determined — unanimously, it appears — that federal bank robbery constitutes a violent felony under

4

the ACCA." *Kucinski v. United States*, No. 16-CV-201-PB, 2016 WL 4444736, at *3 (D.N.H. Aug. 23, 2016) (citing cases).

Although the Eighth Circuit has not addressed the specific question of whether federal bank robbery under § 2113 is a violent felony under the ACCA post-*Johnson*, the Eighth Circuit has held post-*Johnson* that federal robbery under § 2111, which also must be committed "by force and violence, or by intimidation," satisfies the ACCA's elements clause because it "ha[s] as an element the 'attempted use, or threatened use of physical force against the person of another.'" *United States v. Boman*, 810 F.3d 534, 543 (8th Cir. 2016) (citations omitted). And the Eighth Circuit, as well as several other courts of appeal, have held that bank robbery under § 2113, satisfies similarly-worded clauses of other federal provisions. *See, e.g., Holder v. United States*, 836 F.3d 891, 892 (8th Cir. 2016) (holding that bank robbery in violation of § 2113 is a "crime of violence" under 18 U.S.C. § 924(c)(3)(A), which requires that the crime "has as an element the use, attempted use, or threatened use of physical force against the person or property of another"); *Allen v. United States*, 836 F.3d 894 (8th Cir. 2016) (same); *United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016) (holding that because "[a] taking by intimidation under § 2113(a) . . . involves the threat to use physical force," it is a "crime of violence" under the sentencing guidelines, defined as a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another"); *United States v. McNeal*, 818 F.3d 141, 152-53 (4th Cir. 2016) (holding that "armed bank robbery is unquestionably a crime of violence, because it 'has as an element the use, attempted use, or threatened use of physical force,'" and observing that "[o]ur sister

5

circuits have uniformly ruled that other federal crimes involving takings 'by force and violence, or by intimidation,' have as an element the use, attempted use, or threatened use of physical force").

The Court reaches the same conclusion, and holds that Petitioner's federal bank robbery convictions are violent felonies under the ACCA's elements clause and that, in light of these convictions, Petitioner was properly sentenced as an armed career criminal.[3]

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Adrian Mosley's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Petitioner has not made a substantial showing of the denial of a federal constitutional right as required by 28 U.S.C. § 2253(c)(2).

A separate Judgment shall accompany this Memorandum and Order.

.

                                                                      _____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 8th day of February, 2017.

---

[3] Near the end of his motion, Petitioner appears to assert an additional *Johnson* challenge to his prior conviction for use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1). Specifically, Petitioner asks the Court to extend the reasoning of *Johnson* to invalidate § 924(c)(3)(B)'s definition of "crime of violence" as unconstitutionally vague. Although the government did not respond to this argument, after Petitioner filed his motion, the Eighth Circuit squarely rejected any attempt to extend *Johnson* to § 924(c)(3)(B). *See United States v. Prickett*, 839 F.3d 697, 700 (8th Cir. 2016). Therefore, the Court will deny relief on this claim as well.